**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROBERT C. HOWARD                                                                                               PLAINTIFF

v.                                          No. 3:14CV00202 JLH

NUCOR-YAMATO STEEL COMPANY;
and JOHN DOES 1-10                                                                                          DEFENDANTS

**ORDER**

Robert C. Howard was a truck driver who was injured at a Nucor facility while loading a large piece of heavy equipment onto a flatbed trailer, which he was to transport to another location. Howard alleges that Nucor's overhead crane struck dunnage that he was attempting to position on the trailer, which caused him to fall from the trailer and suffer injuries. Nucor denies that the crane struck the dunnage and contends that Howard fell due to his own negligence.

Howard has several preexisting conditions as a result of which he takes several medications, including Lortab, Neurontin, Tramadol, Sulfasalazine, and Cymbalta. On the day of the injury, he took his medications at 4:00 a.m., which was approximately ten and one-half hours before the accident that resulted in his injuries. Because of his preexisting conditions, Howard was receiving Social Security disability benefits at the time of the injury, although, he says, the wages he earned while driving a truck were disclosed to the Social Security Administration and his income did not exceed the maximum amount a person receiving disability benefits may earn before becoming disqualified for those benefits.

Both parties have filed motions in limine.

Howard's first motion in limine relates to the medications that he takes. The motion has four parts. Howard first requests the Court to prohibit defense counsel from suggesting that he was impaired or intoxicated as a result of having taking Lortab because, he says, there is no evidence that

he was impaired or intoxicated.  Second, he requests the Court to prohibit defense counsel from suggesting that Howard's prescription for Lortab disqualifies him from being eligible for a commercial driver's license.  Third, he requests that the Court prohibit defense counsel from describing Neurontin as an anti-seizure medicine because there is no evidence that he has a seizure disorder.  Rather, Neurontin is prescribed to him for being associated with Crohn's Disease, rheumatoid arthritis, and a total hip replacement surgery.  Fourth, Howard requests that the Court prohibit defense counsel from describing Cymbalta, Tramadol, and Sulfasalazine as pain medications because none of them is a narcotic drug.

Because he seeks damages for personal injury, including damages for medical expenses and pain and suffering, Howard has placed his medical condition in issue.  Consequently, all of his medical conditions and the treatment for them will be appropriate subjects for evidence to be presented to the jury.  The jury will receive evidence regarding all of the medications that Howard was taking at the time of the accident.  The jury will be permitted to consider all of the evidence, including the testimony of Drs. Stodghill and Day,[1] regarding the medications that Howard was taking and draw its own conclusion as to whether he was impaired at the time of the accident.  The Court will not prohibit Nucor from developing the evidence on that issue nor from making arguments regarding the import of that evidence to the jury.  Howard's motion in limine requesting that the Court prohibit Nucor from litigating the issue of whether he was intoxicated or impaired is denied.

---

[1] The questions on this topic asked by defense counsel during the depositions of these physicians are appropriate cross-examination and may be used at trial.

As noted, Howard requests the Court to prohibit Nucor from referencing or suggesting that his prescription for Lortab disqualified him from eligibility for a commercial driver's license. That portion of the motion is granted. It is apparently undisputed that Howard had a commercial driver's license, which means that he passed the physical examination and satisfied the other criteria for the issuance of such a license.[2] Whether the license should have been issued is not an issue that this jury will resolve, and any evidence on the question of whether the commercial driver's license was erroneously issued would be irrelevant and unfairly prejudicial.[3]

Howard next requests the Court to prohibit Nucor from describing Neurontin as an anti-seizure medicine. Neurontin is an anti-seizure medicine, but there is no evidence that Howard has a seizure disorder, and apparently the Neurontin is prescribed for him to treat other conditions. In the absence of evidence that Neurontin is prescribed for Howard as treatment for a seizure disorder, Nucor will be prohibited from describing Neurontin to the jury as an anti-seizure medicine.

Howard also requests the Court to prohibit defense counsel from describing Cymbalta, Tramadol, and Sulfasalazine as pain medicines because none of them contain any narcotics. They are, however, admittedly prescribed for Howard to treat pain, so identifying them as pain medications is not misleading or unfairly prejudicial. That portion of the motion in limine is denied.

---

[2] Howard disclosed his Lortab prescription on the physical examination reports for commercial driver fitness determination. Document #16-3 at 2 and 6.

[3] In its response, Nucor cites several provisions of the Code of Federal Regulations that it intends to argue were violated by Howard on the date in question, including 49 C.F.R. § 392.4(a), which provides that no driver shall be on duty under the influence of or using any narcotic drug. Howard has not moved in limine with respect to those regulations, so those are not addressed in this Order.

Howard's first motion in limine regarding evidence of medications is GRANTED IN PART and DENIED IN PART.  Document #16.

In a related motion in limine, Nucor requests the Court to take judicial notice of the *Physician's Desk Reference* as an authoritative work.  Federal Rule of Evidence 803(18) provides that a statement contained in a treatise is not excluded from evidence by virtue of the hearsay rule if the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination and the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.  Nucor wishes to read to the jury portions of the *Physician's Desk Reference* that describe the potential side effects of the medications that Howard was taking.  Nucor says that the jury can consider these potential side effects as evidence that Howard made a misstep and fell from the trailer on his own.  While the Court can take judicial notice that the *Physician's Desk Reference* is an authoritative treatise, that does not end the inquiry as to whether Nucor should be permitted to read portions of the *Physician's Desk Reference* describing medication side effects to the jury.  The evidence must also be relevant under Rule 401 and pass muster under Rule 403.  In this instance, the evidence also must satisfy Rule 702 because Nucor seeks to introduce statements from the *Physician's Desk Reference* as expert testimony.  An expert witness could testify regarding the potential side effects of the medications and answer questions, on direct or cross-examination, regarding the percentage of the persons who suffered those side effects after taking the medications, the dosage required to cause the potential side effects, and the length of time after consumption that the medication continues to have an effect on the body.  In the absence of testimony on these issues, the potential unfair prejudice from reading the list of potential side effects substantially outweighs the probative value

of the information, and the information would not assist the jury in determining whether Howard was actually intoxicated or impaired at the time of the accident. Nucor's motion in limine requesting that the Court take judicial notice of the *Physician's Desk Reference* is DENIED. Document #19.

Howard's second motion in limine has several parts, the most important of which is a request that the Court exclude from evidence the fact that he was receiving Social Security disability payments. That portion of the motion is granted. Whether Howard was receiving Social Security disability benefits at the time of the accident is irrelevant and unfairly prejudicial. Howard's physical conditions that gave rise to the award of disability benefits are relevant and, as noted above, evidence regarding all of his ailments will be received. That the Social Security Administration determined Howard to be under a disability as that term is defined in the Social Security disability laws adds nothing to the medical records upon which that determination is based. Submitting evidence that Howard receives Social Security disability benefits would create a danger of unfair prejudice that would substantially outweigh any probative value that the evidence might have.

Other than the issue with respect to Social Security disability, there is very little in Howard's second motion in limine that is contested. Nucor will not present evidence regarding his marital history or that workers' compensation or other collateral paid any of Howard's damages. Howard also requests that the Court prohibit Nucor from mentioning medical records that were not disclosed in accordance with Ark. Code Ann. § 16-46-403 or any document that was not exchanged during discovery. The Court will reserve ruling on any such issue unless and until it arises at trial.

Howard's second motion in limine is GRANTED IN PART and DENIED IN PART. Document #18.

Nucor has filed a motion in limine requesting the Court to exclude certain items of evidence listed in Howard's pretrial disclosure sheet.  The first issue regards the personnel file of Scott Norris, who was operating the crane at the time of the accident.  Nucor contends that Norris's personnel file is irrelevant to this action and any information in it would be unfairly prejudicial.  Howard says that he intends to use the personnel file solely for the purpose of establishing that Norris received training that would have prevented the accident.  Howard will be permitted to question Norris regarding his training, and, if he denies attending the training that is reflected in his personnel file, Howard may impeach him with the personnel file and offer those portions of the personnel file into evidence.  Howard may not refer to any other portion of Norris's personnel file without first notifying opposing counsel and, if there is a disagreement, seeking a ruling from the Court.

Nucor next moves in limine to exclude the maintenance records of remote-operated cranes.  Howard says he intends to use maintenance records to establish that the crane at issue here had communication issues between the remote and the crane and was repaired four months prior to the incident.  That portion of the maintenance records is relevant and will be admitted.  Otherwise, Howard may not refer to any portion of the maintenance records of the cranes without first notifying opposing counsel and, if there is a disagreement, seeking a ruling from the Court.

Nucor next moves to exclude evidence of other incident reports.  Howard says that he will use them to show that Nucor required drivers to secure their own loads on their trailers and will use the other incident reports only if Nucor suggests that Howard should have been in his cab at the time of the loading of the equipment in this case.  The other incident reports will not be received into evidence unless Nucor opens the door.

Nucor next moves in limine to exclude job safety analysis sheets on the ground that those sheets involve discussion of subsequent remedial measures and therefore should be excluded under Rule 407.  Howard responds that the incident report can be used for impeachment purposes even under Rule 407.  Specifically, Howard points to a statement in the report referring to the fact that Howard was not wearing a reflective vest.  The incident report was prepared by someone at Nucor after the incident occurred. The report has a space for causes or contributing factors.  In that space, the words "didn't have reflective vest" are written.  The recommendations to prevent reoccurrence of the incident appear on a later page of the document.  Wearing reflective vests is not one of the recommendations to prevent reoccurrence.  The recommendations to prevent reoccurrence are not admissible under Rule 407.  The statement in the incident report, "didn't have reflective vest," is not one of the subsequent remedial measures and is not excluded under Rule 407.

Nucor has a separate section in its motion in limine seeking to exclude incident reports from forklifts and cranes.  Again, Howard says that he would offer such incident reports only for impeachment purposes if Nucor denies that truck drivers are responsible for securing the loads.  If Nucor denies that truck drivers are responsible for securing the loads, the reports will be received for impeachment purposes.  Otherwise, they will be excluded from evidence.

Nucor also seeks to exclude internal safety guides, courses and manuals on the grounds that those are not relevant under Rule 401 and should be excluded under Rule 403.  Howard responds that the policies and procedures confirm that a crane operator should keep his eyes on the truck driver at all times and should stop operating the crane whenever a truck driver climbs on the trailer. He also contends that these policies and procedures were violated on the day in question, which led to his injuries.  The safety recommendations, courses and manuals will be received solely for the

purpose of establishing that Nucor's policies and procedures require a crane operator to keep his eyes on the truck driver at all times and to stop operating the crane whenever a truck driver climbs on the trailer.  Otherwise, they will be excluded.

Finally, Nucor seeks to exclude answers to interrogatories and responses to requests for admission.  Howard says that he does not intend to offer them unless a Nucor witness testifies inconsistently during trial.  At this point, there seems to be no issue with respect to Nucor's discovery responses, so the Court will not rule at this time.

Nucor's second motion in limine to exclude certain evidence in plaintiff's pretrial information sheet is GRANTED IN PART and DENIED IN PART.  Document #21.

IT IS SO ORDERED this 24th day of September, 2015.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE