**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROBERT C. HOWARD                                                                PLAINTIFF

v.                                   No. 3:14CV00202 JLH

NUCOR-YAMATO STEEL COMPANY;
and JOHN DOES 1-10                                            DEFENDANTS

## OPINION AND ORDER

This is a personal injury case that was tried before a jury, which rendered a verdict in favor of Robert C. Howard in the amount of $288,492. One day after judgment was entered on the verdict, Howard filed a motion for costs under Rule 54(d). He sought costs in the total amount of $11,339.63, supported by an itemized invoice. He did not, however, support the application for costs with an affidavit as required by 28 U.S.C. § 1924. After Nucor-Yamato Steel Company responded to the motion, objecting to several of the items of costs claimed, Howard filed a reply and attached to his reply a verified bill of costs as required by the statute. He not only verified the bill of costs but also agreed to reduce his claim for costs to the total amount of $8,669.63.

Under the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Eighth Circuit has held that Rule 54(d) codifies a rebuttable presumption that the prevailing party is entitled to costs. *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)). The costs available under the rule are stated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensations of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920, *amended by* Pub. L. No. 110-406, § 6, 122 Stat. 4291, 4292 (2006) (amended 2008). Not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987); *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). The district courts may not tax costs beyond those expressly authorized in § 1920. *Crawford*, 482 U.S. at 445, 107 S. Ct. at 2499. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts . . . .'" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (citing *Crawford*, 482 U.S. at 444, 107 S. Ct. at 2499).

The first disputed issue is whether Howard can recover not only the costs of stenographic transcripts of the depositions of his expert witnesses, Drs. Stodghill and Day, but also the costs for the videographer who recorded the depositions and edited the recordings for trial. Nucor points to the disjunctive in 28 U.S.C. § 1920(2), which provides for recovery of fees "for printed *or* electronically recorded transcripts necessarily obtained for use in the case[.]" (Emphasis added.) On the other hand, Howard points out that the Court requires a stenographic transcript in addition to the

video-recording for recorded depositions used at trial because the stenographic transcript becomes an exhibit for purposes of appeal. Furthermore, both parties required edits to be made to the original recordings, so, as Howard points out, it would be unfair to charge Howard with the expense of editing the recordings when Nucor, itself, made demands for certain aspects of the recordings to be edited. Nucor's objection to taxing as costs both the stenographic transcript and the video-recording, as well as the cost of editing the recording for use at trial, is overruled.

The next dispute relates to the costs of the depositions of witnesses who did not testify at trial and whose depositions were not used at trial, including John Bennett, Stanley Dean, and Earnie Brown, the first responders who provided first aid care to Howard at the scene and who transported him to the emergency room, as well as James Shelton, a Nucor supervisor who came to the scene after the accident occurred. Whether to tax as costs the expense of depositions of witnesses who were not called at trial is within the sound discretion of the court. *Compare Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (holding that the district court did not abuse its discretion in refusing to award costs for witnesses who did not testify at trial) *and Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (holding that the district court did not abuse its discretion in awarding costs for depositions that were not used at trial).

Here, as noted, the witnesses at issue were first responders and a Nucor supervisor who came to the scene immediately after the accident occurred. Both sides listed the individuals in question as potential witnesses. According to Howard's reply brief, he made the decision not to call these witnesses only after other testimony was introduced that made their testimony cumulative. He also says that defense counsel refused to release these witnesses until after he had determined that he would not need them.

3

The issue under the statute is whether the fees for the deposition transcripts were "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Based on the representations by Howard in his reply brief, the Court concludes that these deposition transcripts were necessarily obtained for use in the case. Furthermore, because it was uncertain as to whether the testimony of these witnesses would be needed, and because defense counsel also required them to remain present until after he determined that he did not need them, taxing of the witness fee is appropriate and will be allowed.

The next issue relates to the photocopying charges of $4,503.35. Of that amount, $2,393.75 represents copying charges during the month of trial. Although Howard has not separated the copying expenses related to exhibits for use at trial from other copying expenses, he maintains that all or nearly all of the $2,393.75 was for exhibits for use at trial, because he prepared four sets of exhibits for use at trial: one for his use, one for defense counsel, one for the witness, and one for the court, which amounted to eight volumes of binders and two bankers' boxes full of documents.

"Costs" is a term of art that is narrower than "expenses." *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459-60, 165 L. Ed. 2d 526 (2006); *Hadix v. Johnson*, 322 F.3d 895, 899 (6th Cir. 2003); *Walitalo v. Iacocca*, 968 F.2d 741, 750 (8th Cir. 1992); 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2666 (3d ed. 1998). The practice in this district and in other districts in the Eighth Circuit in taxing costs pursuant to § 1920(4) has been to deny expenses for copying of discovery-related items. *See Fields v. Shelter Mut. Ins. Co.*, No. 4:05CV01924, 2007 WL 1702512, at *6 (E.D. Ark. June 11, 2007) (holding that "expenses incurred in copying documents to be produced in discovery" are not taxable costs under § 1920); *Uni-Systems, Inc. v. Delta Air Lines, Inc.*, No. CIV. 4-96-973, 2002 WL 505914, at *3 (D. Minn. March 28, 2002) (the cost of copying documents to be produced during discovery is not

taxable); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999) (same); *Emmenegger v. Bull Moose Tube Co.*, 33 F .Supp. 2d 1127, 1133 (E.D. Mo. 1998) (declining to award as costs the expense of "a party's copying of documents to be produced in discovery"); *Nelson v. Darragh Co.*, 120 F.R.D. 517, 519 (W.D. Ark. 1988) (taxing as costs only the copies of documents introduced at trial); *Evans v. Fuller*, 94 F.R.D. 311, 315 (W.D. Ark. 1982) (absent prior approval, the only copying expense that may be taxed as costs are for exhibits actually used at trial). Disallowing the costs of copying documents produced in discovery is consistent with the rule that depositions "that are merely investigative, preparatory, or useful for discovery, rather than for presentation of the case typically are not taxable costs." *Jackson v. United Parcel Service, Inc.*, No. 4:07CV00276, 2008 WL 783344, at *1 (E.D. Ark. March 25, 2008) (citing *Koppinger v. Cullen-Schiltz and Assoc.*, 513 F.2d 901, 911 (8th Cir. 1975); WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2678, at 428). The Eighth Circuit has held that this practice is not an abuse of discretion. *Little Rock Cardiology Clinic, P.A. v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). The Court will tax as costs of making copies for exhibits for use at trial under 28 U.S.C. § 1920(4) the amount of $2,393.75 for the four sets of exhibits that were prepared for use at trial as described above.

## CONCLUSION

For the reasons stated, Robert C. Howard's motion for an award of costs is GRANTED IN PART and DENIED IN PART. Costs are awarded as follows:

| | |
|---|---|
| Filing fee | $400.00 |
| Witness costs | $360.00 |
| Copying costs for exhibits at trial | $2,393.75 |
| Transcription costs | $3,406.28 |
| TOTAL | $6,560.03 |

IT IS SO ORDERED this 28th day of October, 2015.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE